UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SELIM ZHERKA,

                          Plaintiff,        07 Civ.

-against-                                   **COMPLAINT**

PHILLIP AMICONE, individually and        **Jury Trial Demanded**
PHILLIP AMICONE in his capacity as
Mayor of the City of Yonkers, New York,      **07 CIV. 9618**

                        Defendant.
------------------------------------------------------------------x

      Plaintiff SELIM ZHERKA, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages proximately resulting from conduct, engaged in by the Defendant while acting both under color of the laws of the State of New York as a local elected government official and in his individual capacity as a candidate running for re-election as such, violative of Plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution and the common law of the State of New York.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343, and 1367.

## THE PARTIES

3. Plaintiff SELIM ZHERKA, an individual of Albanian national origin, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is the owner/publisher of a weekly periodical (The Westchester Guardian) which has, over the past four months, been highly critical of Defendant's job performance as Mayor of the City of Yonkers with respect to *inter alia* corruption permeating his administration; no-show jobs for political cronies resulting in the theft of taxpayer's money in excess of $1,000,000; repeated First Amendment violations; failure to curb and/or attempt to curb systemic police brutality within the Police Department of the City of Yonkers; inability and/or unwillingness to reduce City spending and taxes; gross misuse of the City's police force to prohibit dissemination within the City of Yonkers of The Westchester Guardian; and gross misuse of the City's police force to target Plaintiff and other individuals, who non-disruptively distributed copies of The Westchester Guardian on City-owned public property, for criminal prosecution on a supposed Yonkers' Code violation (Section 100-35) which is facially and as applied patently unconstitutional.

4. Defendant PHILLIP AMICONE (hereinafter "Amicone"), who is sued both in his official and individual capacities, at all time relevant to this complaint was the duly elected incumbent Mayor of the City of Yonkers and a candidate running for re-election to that office. Amicone is, by way of political affiliation, a Republican.

## THE FACTS

5. On the evening of October 17, 2007, during a 3rd Ward Republican meeting held at Asbury Church in the City of Yonkers Amicone was introduced in the dual capacity of Mayor and candidate following which in those two capacities he addressed a gathering of approximately sixty Yonkers' residents.

6. In that connection Defendant specifically identified Plaintiff by name, specifically referenced his position as owner/publisher of <u>The Westchester Guardian</u> following which Amicone told all of the persons present that as matters of fact:

   a. Plaintiff is a "convicted drug dealer",

   b. Plaintiff is an "Albanian mobster" and a "thug",

   c. Plaintiff will, in the event Amicone is not re-elected as Mayor, open "drug dens" throughout the City of Yonkers,

   d. Plaintiff will, in the event Amicone is not re-elected as Mayor, open "strip clubs" throughout the City of Yonkers, and *inter alia,*

   e. Plaintiff will, in the event Amicone is not re-elected as Mayor, "loot" Yonkers residents' "pension funds" and "loot" the City of Yonkers.

7. Each of the statements of supposed fact referenced in the preceding paragraph "6" was:

   i) absolutely, completely and in every respect materially false;

   ii) knowingly and intentionally uttered by Amicone in calculated and/or reckless disregard of the truth;

iii) published by him without benefit of any privilege/authorization;

iv) intended by him to impute to Plaintiff serious criminal wrong-doing, a criminal history, criminal activity as a member of an Albanian "mob", felonious possession and sale of illicit drugs, unfitness to engage in his professional activities as publisher/owner of the <u>Westchester Guardian,</u> and dishonesty;

v) intended by Amicone to expose Plaintiff to public contempt, ridicule, aversion, disgrace and/or to induce an evil opinion of Plaintiff in the minds of right-thinking persons and to deprive Plaintiff of their friendly intercourse in society.

8. By reason of Amicone's power and authority as Mayor and his recent intentional, systematic abuse of both in calculatedly suppressing distribution of <u>The Westchester Guardian</u> by his corrupt use of the City's police force and that force's resulting institution and prosecution of criminal charges against Plaintiff (and his employees) intended by Amicone to result in Plaintiff's incarceration:

    a. Amicone intended the utterances published by him, as set forth *supra* in paragraph "6", to be a threat implied and/or express that he intended to further abuse his power and authority as Mayor and in that connection to again corruptly engage the City's police force in order to have Plaintiff "framed" and falsely arrested and/or prosecuted on felony, criminal charges,

    b. Amicone intended the said utterances to intimidate Plaintiff in the exercise of his First Amendment protected rights as the owner/publisher of <u>The</u>

Westchester Guardian, and,

c. Plaintiff clearly understood Amicone's said utterances to constitute such a threat, a circumstance which has: i) further chilled Plaintiff in the prospective exercise within the City of Yonkers of his right of free speech; placed Plaintiff in fear of being "framed" by Amicone through his abuse of the City's police force; instilled in Plaintiff a fear that his life and/or liberty will be placed at risk on any occasion that he enters into the City of Yonkers; by reason of that fear Plaintiff's entry into the City of Yonkers has effectively been prohibited - - even for the purpose of visiting with relatives who, until prior to October 17, 2007, he visited in Yonkers on a regular basis.

9. As a proximate result of Defendant's conduct in his capacities as Mayor and a candidate for re-election to that office, Plaintiff has been caused to suffer: a violation of his rights as protected by the First Amendment to the United States Constitution; a violation of his right of intra-state travel as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution; a chilling of his prospective exercise of those rights; *per se* slander; irreparable injury to his professional reputation; emotional upset; anxiety; public humiliation; public shame; public embarrassment; and he has otherwise been rendered sick and sore.

**AS AND FOR A FIRST CLAIM
AGAINST AMICONE AS MAYOR**

10. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9" inclusive.

11. Under the premises Defendant's conduct as Mayor violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. 1983.

## AS AND FOR A SECOND CLAIM
## AGAINST AMICONE AS MAYOR

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

13. Under the premises Defendant's conduct as Mayor violated Plaintiffs right to intrastate travel as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. 1983.

## AS AND FOR A THIRD
## CLAIM AGAINST AMICONE
## AS A CANDIDATE

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

15. Under the premises Defendant's published utterances as a candidate running for re-election constituted *per se* defamation actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. On the First, Second and Third Claims awarding such compensatory and punitive damages, but not less that $10,000,000 and $30,000,000 respectively, as the jury may determine,

7

b. Awarding on the First and Second Claims reasonable attorney's fees and costs,

c. Awarding on the Third Claim costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      October 27, 2007

                                      LOVETT & GOULD, LLP
                                      Attorneys for Plaintiff
                                      By: _____
                                      Jonathan Lovett (4854)
                                      222 Bloomingdale Road
                                      White Plains, N.Y. 10605
                                      914-428-8401