UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELIM ZHERKA,<br><br>                    Plaintiff,<br><br>     -against-<br><br>PHILLIP AMICONE, individually, and PHILLIP AMICONE in his capacity as Mayor of the City of Yonkers, New York,<br><br>                    Defendant. | ECF Case<br><br>07 Civ. 9618<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant by and through his attorneys, Thacher Proffitt & Wood LLP, answers the complaint of Plaintiff (the "Complaint") as follows:

## NATURE OF THE ACTION

1.     Denies the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendant. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

## JURISDICTION

2.     The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendant respectfully refers the Court to 28 U.S.C. §§ 1331, 1343 and 1367 for their complete terms.

## THE PARTIES

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

## THE FACTS

1

5. Admits the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Denies the allegations set forth in paragraph 6 (a through e) of the Complaint.

7. Denies the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

## AS AND FOR A FIRST CLAIM

10. In response to the allegations contained in paragraph 10, Defendant repeats and realleges his response set forth in paragraphs 1-9 as if fully incorporated herein.

11. Denies the allegations set forth in paragraph 11 of the Complaint.

## AS AND FOR A SECOND CLAIM

12. In response to the allegations contained in paragraph 12, Defendant repeats and realleges his responses set forth in paragraphs 1-11 as if fully incorporated herein.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

## AS AND FOR A THIRD CLAIM

14. In response to the allegations contained in paragraph 14, Defendant repeats and realleges his responses set forth in paragraphs 1-13 as if fully incorporated herein.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

16. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

17. Defendant is entitled to qualified and/or absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

18. Any alleged statements made by Defendant were true.

## FOURTH AFFIRMATIVE DEFENSE

19. Any alleged statements made by Defendant were opinion.

## FIFTH AFFIRMATIVE DEFENSE

20. Any alleged statements made by Defendant were not slanderous *per se* or *per se* defamation.

## SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to plead any special damages.

## SEVENTH AFFIRMATIVE DEFENSE

22. Plaintiff, is a public figure, and has failed to plead that any of the alleged statements were made with actual malice.

## EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff's defamation claim is barred because even if the statements could properly be attributed to Mayor Amicone, they are privileged or protected by one or more immunities, including, but not limited to, the First and Fourteenth Amendments to the Constitution of the United States and the immunity doctrine.

## NINTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred because he did not incur any injury or damages cognizable at law.

## TENTH AFFIRMATIVE DEFENSE

25. Plaintiff is not entitled to punitive damages under the applicable law.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order

    (i)    dismissing the Complaint in its entirety;

    (iii)    awarding the Defendant attorneys' fees and costs; and

    (iii)    granting Defendant any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       December 7, 2007

                                THACHER PROFFITT & WOOD LLP

                                By: S/ Kevin J. Plunkett
                                     Kevin J. Plunkett
                                     Darius P. Chafizadeh
                                     *Attorneys for Defendant*
                                     50 Main Street
                                     White Plains, NY 10606
                                     914-421-4100

TO:    Lovett & Gould, LLP
          222 Bloomingdale Road
          White Plains, New York 10605
          (914) 428-8401